**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **RURAL MEDIA GROUP, INC., a Delaware corporation, and RFD-TV, LLC, a Delaware limited liability company,** | ) | **CASE NO. 8:09CV447** |
| **Plaintiffs,** | ) | **MEMORANDUM AND ORDER** |
| **v.** | ) | |
| **PERFORMANCE ONE MEDIA, LLC, a New York limited liability company, and JOHN DOE,** | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Plaintiffs' Motion to Continue, Maintain, or Renew Temporary Restraining Order (Filing No. 11). Plaintiffs seek to extend the temporary restraining order ("TRO") issued by the District Court of Douglas County, Nebraska, on December 11, 2009, until the Court resolves the jurisdictional issues raised by Defendant Performance One Media in its Motion to Dismiss or in the Alternative, Motion to Transfer (Filing No. 5). Plaintiffs have not moved the Court for a preliminary injunction and neither party has requested a hearing. The issues have been fully briefed and the Court finds Plaintiffs' Motion should be denied.

## FACTUAL BACKGROUND

### I. State Court Proceedings Before Removal

Plaintiffs Rural Media Group, Inc. ("Rural Media") and RFD-TV, LLC ("RFD") (collectively "Plaintiffs") filed their Complaint against Performance One Media, LLC, ("Performance One") and John Doe in the District Court of Douglas County, Nebraska (the "Nebraska court") on December 2, 2009. (Filing No. 1-1.) Plaintiffs allege Performance

One and possibly others solicited programmers to disassociate from Plaintiffs and/or breach their respective programmer agreements with Plaintiffs. (*Id.* ¶¶ 13-14.) On December 10, 2009, Plaintiffs filed an Application for Temporary Restraining Order or Injunction and served notice of the application on Performance One. (Filing No. 13-1.) Plaintiffs' request for a TRO was set for a hearing before the Nebraska court on December 11, 2009, at 11:45 A.M. (*Id*. at 2.) The hearing began on December 11, 2009, at approximately 11:30 A.M. (Filing No. 13-5 ¶ 3.) After the parties made initial introductions at the hearing, Performance One informed all present that a Notice of Removal had been filed in federal court and notice had been sent to the Nebraska judge and opposing counsel. (Filing No. 16-1 ¶ 6.) Following arguments at the hearing, the Nebraska court immediately granted Plaintiffs' request for a TRO and set a hearing on the request for a temporary injunction for December 18, 2009. (Filing No. 13-2 at 2; Filing No. 13-5 ¶ 9.)

**II. Removal and Subsequent Proceedings**

Performance One had filed its Notice of Removal with this Court at 11:34 A.M. on December 11, 2009, and the Nebraska judge and opposing counsel were notified of the removal notice shortly thereafter. (Filing No. 16-4 at 1; Filing No. 16-5 at 1-2.) Performance One filed its notice of removal with the clerk of the Nebraska court on December 11, 2009, at approximately 3:05 P.M. (Filing No. 13-5 ¶ 11.)

Plaintiffs filed the present motion on December 18, 2009, to continue, maintain, or renew the Nebraska court's order granting a TRO. (Filing No. 11.) Plaintiffs argue the order remained in effect after removal and they have now shown good cause to extend its duration. (Filing No. 12 at 2-3.) Performance One argues the TRO may not be extended because: the Nebraska court did not have personal jurisdiction over Performance One;

the case was already removed to this Court; the requirements for a TRO were not shown originally; and, even if the TRO were valid, Plaintiffs fail to show good cause for an extension. (Filing No. 15 at 5-9.)

## LEGAL STANDARD

A valid TRO "expires at the time after entry - not to exceed 14 days - that the court sets."[1] Fed. R. Civ. P. 65(b)(2). Once granted, a TRO can be extended beyond its initial duration for "good cause shown" or by the consent of "the party against whom the order is directed." *Id*. Additionally, TROs cannot continue indefinitely unless they meet the standards required for preliminary injunction. *Sampson v. Murray*, 415 U.S. 61, 87 (1974).

## ANALYSIS

### I. Timing of Removal

Performance One argues the original TRO was invalid because its notice of removal deprived the Nebraska court of jurisdiction before it issued the order. The Eighth Circuit has clearly established the time removal becomes effective:

> Although we have never addressed this issue (perhaps we never had occasion to do so because the statute was clear to litigants), we think that the removal statute leaves little room for creative interpretation. The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time.

*Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996).

Here, a short period separates the time the Nebraska court issued the TRO and the time Performance One filed the notice of removal with the Nebraska court. Plaintiffs assert

---

[1] Plaintiffs' brief states the time limit as 10 days, which was the rule before December 1, 2009. Because the present Motion was filed after December 1, 2009, the Court is governed by the new rule, which sets the time limit at 14 days plus 3 days under the mailing rule. Fed. R. Civ. P. 65(b)(2) & 6(d).

that Performance Once did not file the removal with the state court until 3:05 P.M. on December 11, 2009, but the TRO was issued earlier in the day.[2] Performance One does not dispute that it did not file the notice of removal until 3:05 P.M., nor does it argue the TRO was issued before filing removal with the Nebraska court. Instead, Performance One argues the Nebraska court was deprived of jurisdiction through actual and constructive notice of removal. Despite these contentions, removal is only effective "when the notice of removal is filed with the state court *and at no other time*." *Id.* (emphasis added). No evidence indicates Performance One filed its notice of removal with the Nebraska court before it issued the TRO. Therefore, removal did not preclude the Nebraska court's jurisdiction and the TRO was validly issued.

## II. Continuance or Renewal of TRO

Plaintiffs seek to extend the duration of the state-issued TRO until this Court has determined the jurisdictional issues raised in Performance One's Motion to Dismiss. Injunctions and orders in an action prior to removal remain in full effect until modified or dissolved by the district court. 28 U.S.C. § 1450. However, Federal Rule of Civil Procedure 65(b) limits the duration of a TRO. After removal, a TRO granted by a state court remains in force no longer than it would have under state law, but in no event will it remain in force longer than the limitations of Rule 65(b) as measured by the date of

[2] Neither party establishes the exact time the TRO was issued, but Plaintiffs assert, and Performance One does not dispute, the Nebraska court issued the Order "immediately" after hearing arguments at the December 11, 2009, hearing. (Filing No. 13-5 ¶ 9.)

removal.[3] *Granny Goose Foods, Inc. v. Local No. 70, Brotherhood of Teamsters*, 415 U.S. 423, 439-440 (1974). This time period may only be extended for "good cause shown." F. R. Civ. P. 65(b)(2). However, even where good cause is shown, a TRO cannot continue indefinitely unless it meets the more rigorous standards required for preliminary injunctions. *See Sampson*, 415 U.S. at 87 (treating a TRO as a preliminary injunction when the TRO extended beyond the Rule 65(b) time limit); *In re Criminal Contempt Proceedings*, 329 F.3d 131, 136-37 (2d Cir. 2003) (TROs extended beyond the Rule 65(b) time limit are considered preliminary injunctions for all purposes); *United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 943 (7th Cir. 2006) (TRO kept in force longer than the time limit imposed by Rule 65(b) considered a preliminary injunction).[4]

Plaintiffs seek to extend the state-issued TRO "until such time that this Court resolves the jurisdictional issues raised by Performance [One]." (Filing No. 12 at 3.) The Court cannot grant an indefinite[5] extension unless Plaintiffs' motion meets the requirements of a preliminary injunction. Plaintiffs do not dispute the nature of the Nebraska court's order as a TRO, and the characteristics of the order show it fails to meet

---

[3] Thus, the duration of a TRO is limited to the shorter of either the date of issuance under state law, or the period stated in Rule 65(b) as measured by the date of removal. *Ultracashmere House, Ltd. v. Madison's of Columbus, Inc.*, 534 F. Supp. 542, 544 (D.C.N.Y. 1982).

[4] The Seventh Circuit also noted that the time limitations of Rule 65(b) apply to all TROs and not merely TROs issued "without notice." *Id.* at 946.

[5] This conclusion does not lie merely in the semantics of the open-ended request. The TRO issued by the Nebraska court was set to expire on December 18, 2009. Performance One's Motion to Dismiss or Transfer is not ripe for decision as of the date of this Order. Thus, a continuance would have extended past the Rule 65(b) time limit.

heightened standard required for a preliminary injunction. The Nebraska court issued the TRO one day after Performance One received notice. This brief time did not meet the notice requirements of a preliminary injunction. *See Granny Goose Foods*, 415 U.S. at 432 n.7 (a preliminary injunction requires fair opportunity to oppose the application and prepare an opposition). Further, nothing indicates the TRO issued by the Nebraska court met the heightened evidentiary requirements for issuing a preliminary injunction. Instead, the Nebraska court set a time to hear the merits of whether a temporary injunction[6] should issue.

In sum, the Plaintiffs' requested relief lies outside the time limits imposed by Rule 65(b). Thus, even if Plaintiffs have shown good cause, the Nebraska court's TRO must meet the requirements of a preliminary injunction. Because the TRO does not meet the heightened requirements for a preliminary injunction, Plaintiffs' motion must be denied.

Accordingly,

IT IS ORDERED the Plaintiffs' Motion to Continue, Maintain, or Renew Temporary Restraining Order (Filing No. 11) is denied.

DATED this 13th day of January, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[6] The nature and requirements of a "temporary injunction" indicate it is the Nebraska equivalent of a preliminary injunction. Neb. Rev. Stat. §§ 25-1063, 1064 (Reissue 2008).